NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-1603

_____

KAREN MIEZEJEWSKI; STANLEY MIEZEJEWSKI,
                                        Appellants

v.

INFINITY AUTO INSURANCE COMPANY

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-12-cv-01000)
District Judge: Honorable Malachy E. Mannion

_____

Submitted under Third Circuit LAR 34.1(a)
on January 16, 2015

Before: AMBRO, FUENTES and ROTH, <u>Circuit Judges</u>

(Opinion filed: April 28, 2015)

_____

OPINION[*]

_____

ROTH, <u>Circuit Judge</u>

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Karen Miezejewski was injured in a car accident on December 3, 2009.  After negotiations with her insurer, Infinity Auto Insurance Company, broke down, she and her husband Stanley sued, alleging Infinity acted in bad faith in handling her claim.  The District Court granted Infinity's motion for partial summary judgment, and the Miezejewskis appealed.[1]  We will affirm for the following reasons.

## I.    Background

Miezejewski was in the driver's seat of her parked car when a car, driven by Anthony Rosenbaum, backed into her on the driver's side.  She settled with Rosenbaum for his policy's liability limit of $25,000, but that amount was insufficient to compensate Miezejewski for her injuries, which she claimed included her post-accident job loss.  Accordingly, Miezejewski demanded payment of underinsured motorist (UIM) benefits under her Infinity-issued policy.

Infinity's claim representative acknowledged the UIM claim and noted that the Miezejewskis' policy limit for such a claim was $15,000.  He then requested from the Miezejewskis' attorney all documents and records supporting Miezejewski's UIM claim.  The representative was provided with various materials discovered in the course of litigation against Rosenbaum, including Miezejewski's post-accident medical records and a transcript of a deposition of her former employer's human relations manager.

After reviewing the documents, the claim representative had questions as to whether Miezejewski's pain stemmed from a pre-existing degenerative condition.  The

---

[1] The District Court granted the Miezejewskis' motion to withdraw their breach of contract claim on March 3, 2014.  That claim is no longer at issue and the judgment is therefore final.

medical records, which raised red flags, included the "recommendation" of an orthopaedic specialist who treated Miezejewski for post-accident pain in her left knee: "I think this accident definitely exacerbated some pre-existing arthritis." Notably, another orthopaedist who examined Miezejewski concurred, "I do think that she always has had some arthritis in this knee that has been severe in nature but her symptoms are significantly exacerbated by the auto accident." What is more, Miezejewski herself testified in the Rosenbaum suit that her arthritis was not confined to her left knee.

Miezejewski's post-accident medical information struck the claim representative as "indicative of prior related conditions that [he] would want to review." However, Infinity was never provided with any prior medical records, nor did the Miezejewskis' attorney at any point explain the absence of pre-accident treatment information.

The claim representative also had doubts as to whether Miezejewski's firing was accident-related. In particular, he noted that she was rated by her employer as either meeting or exceeding expectations in each of eight categories identified on a performance evaluation rubric, as of March 2010—four months *after* the car accident. Eight months later, she was fired. The claim representative characterized her former employer's HR manager's testimony as "conflicting . . . as to why [Miezejewski] would be positively reviewed four months after the accident and then ultimately be terminated from injuries relating to this accident."

After reviewing the materials submitted by the Miezejewskis' attorney, the claim representative valued Miezejewski's UIM claim at $5,000 to $7,500 (net of the $25,000 settlement with Rosenbaum). The representative noted, "[a]nything more than that could

3

require some additional discovery," including Miezejewski's pre-accident medical records and additional information concerning her termination. The Miezejewskis' attorney rejected Infinity's $5,000 initial offer and did not respond to a subsequent offer of $7,500.[2]

The Miezejewskis instead filed suit in the Pennsylvania Court of Common Pleas for Lackawanna County, alleging that Infinity breached its insurance contract and acted in bad faith in handling Miezejewski's UIM claim. Infinity removed to the United States District Court for the Middle District of Pennsylvania and moved for partial summary judgment as to the bad faith claim.[3] On January 22, 2014, the District Court granted Infinity's partial summary judgment motion, finding that "a jury could not find, by clear and convincing evidence, that [Infinity]'s course of conduct did not rest on a reasonable basis."

## II. Analysis[4]

The Miezejewskis filed their bad faith claim pursuant to a Pennsylvania statute that provides, in the court's discretion, for interest on the amount of the claim, punitive damages, court costs, and attorneys' fees against an insurer who "the court finds . . . has acted in bad faith toward the insured."[5]

---

[2] The Miezejewskis do not challenge the contents of the claim representative's log notes, which inform our understanding of the parties' settlement discussions.

[3] In its brief, Infinity writes that in July 2013, after the close of discovery, it "tendered to the Miezejewskis the $15,000 UIM policy limits" and the Miezejewskis accepted the offer.

[4] The District Court had subject matter jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

[5] 42 Pa. Cons. Stat. § 8371.

The Pennsylvania Superior Court has held that to prevail under the bad faith statute, "the insured must show that the insurer did not have a reasonable basis for denying benefits under the policy and that the insurer knew of or recklessly disregarded its lack of reasonable basis in denying the claim."[6] An insurer need not engage in fraud to be subject to the statute; however, "mere negligence or bad judgment is not bad faith. The insured must also show that the insurer breached a known duty (*i.e.*, the duty of good faith and fair dealing) through a motive of self-interest or ill will."[7]

We maintain plenary review of a summary judgment grant, "and we apply the same test the district court should have utilized initially."[8] Here, the District Court correctly established the plaintiff's burden to demonstrate bad faith by clear and convincing evidence.[9] This heightened standard, under which we must view the evidence presented, "requires evidence so clear, direct, weighty and convincing as to enable a clear conviction, without hesitation, about whether or not the defendant[] acted in bad faith."[10]

The facts, taken in the light most favorable to the Miezejewskis, do not support their claim, let alone by clear and convincing evidence.

Consistent with Infinity's "ongoing vital obligation," its claim representative acted in good faith—i.e. with a reasonable basis for his assessments and interactions with the

---

[6] *Grossi v. Travelers Personal Ins. Co.*, 79 A.3d 1141, 1148 (Pa. Super. Ct. 2013) (citations and internal quotation marks omitted).

[7] *Id.* at 1149 (citations omitted).

[8] *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (citation and internal quotation marks omitted).

[9] *See Rhodes v. USAA Cas. Ins. Co.*, 21 A.3d 1253, 1263 (Pa. Super. Ct. 2011).

[10] *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 523 (3d Cir. 2012) (citation and internal quotation marks omitted).

Miezejewskis' attorney—throughout "the entire management of the claim."[11]  Both of Infinity's pre-litigation settlement offers were within its representative's initial valuation of the UIM claim.  In conveying the offers, the representative emphasized that they were not final.  He told the Miezejewskis' attorney that a higher offer would "require some additional discovery" concerning Miezejewski's pre-accident medical history and additional information about her termination.[12]  Notably, after the close of discovery in this lawsuit, which included a deposition of the executive who made the termination decision, Infinity tendered to the Miezejewskis the $15,000 policy limit they initially sought.

At every turn, Infinity's claim representative acted reasonably in light of the evidence, both presented and inexplicably withheld.[13]  There is no evidence whatsoever that Infinity's handling of the claim was motivated by "self-interest or ill will."[14]  The Miezejewskis accordingly fail to demonstrate Infinity's bad faith by clear and convincing evidence.

---

[11] *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1145 (Pa. Super. Ct. 2006).

[12] To the extent the Miezejewskis argue the claim representative was not permitted to make an initial offer pending further discovery on the basis of the information already submitted to the insurer, they misconstrue Pennsylvania law. *See id.* at 1151 (holding that insurer did not engage in bad faith by relying on "[t]he equivocal contents of [a] police report" in "taking *an initial position*, pending further investigation and evaluation, that [claimant] was not entitled to UIM benefits").

[13] There is simply no evidence that the claim representative "ignored" Miezejewski's job loss or "gave no weight" to her employer's HR manager's testimony concerning her post-accident termination, as the Miezejewskis contend.  In fact, the representative's log notes—the only evidence on point—indicate that he considered the HR manager's testimony "conflicting" as to whether Miezejewski's termination stemmed from the car accident.

[14] *Grossi*, 79 A.3d at 1148-49.

6

**III.     Conclusion**

For the foregoing reasons, we will affirm the District Court's order granting partial summary judgment in favor of Infinity.